JILDG-E LINDSAY
delivered the opikton oe the court.
T. E. Walker shipped nine hogsheads of tobacco to Louisville by Green B. Igo, who delivered them to Spratt & Co., warehousemen in said city. It is claimed and proven that Igo, on the day of their delivery, notified one of the warehouse clerks that Walker’s tobacco was not to be sold, and that on the following day, when the same was about to be put upon the market, he again told some one connected with the warehouse that he had no authority from Walker to have his tobacco sold. It was sold, however, in May, 1864, for some•thing over one thousand dollars, and the net proceeds of the sale, $978.16, delivered to Igo to be conveyed to Walker; Igo remarking at the time that he had no authority from Walker to sell his tobacco nor to receive the money arising therefrom, but that he would receive the same as an accommodation to both parties. After deducting forty-five dollars, the amount due him for freight, he deposited the balance in the Branch Bank of Kentucky at Lexington. Within a few days after the tobacco was sold Walker was in Louisville and called upon Spratt & Co. and inquired about the same. He was informed that it had been sold and the money sent to him by Igo. He was also informed as to the amount it realized. He told Spratt that it was sold contrary to his orders, and that he did not intend to sell it at all in Louisville, and that it would have brought more at his home in Madison County. He left without saying whether he approved or disapproved of the sale. Upon his return home he called upon Igo, who informed him that his money had been deposited in the bank at Lexington; and upon his expressing dissatisfaction at the manner in which he had been treated by the warehousemen, Igo remarked to him that if he was not satisfied with what had been done to give him a check on the bank for the money, and that he would draw it from the bank and send it back to Spratt & Co. He declined to do so at that time, and left, *336 saying “he did not know what he would do about it.” He claims, however, that within a day or two thereafter he wrote to Spratt & Co. that he would not ratify the sale. A short time thereafter Lexington was occupied by a body of southern cavalry commanded by General John H. Morgan, and the money deposited to his credit was forcibly taken from the bank.
In September, 1864, he brought this action in the Jefferson Court of Common Pleas, alleging a conversion of his tobacco by the warehousemen, and praying judgment against them for the value of the same. A trial was had in February last, which resulted in a verdict for the defendants; and a motion for a new trial having been overruled, Clay, the assignee of Walker, has appealed to this court. He complains that the court erred to his prejudice in refusing to instruct the jury that if the sale of the tobacco was without authority, and that Igo had no authority to receive the proceeds and deposit the same in the bank in Lexington to his (Walker’s) credit, it was not his (Walker’s) duty to give him a check for the same; 'and in instructing the jury that if Walker failed to dissent promptly upon being informed of what had been done, and failed within a reasonable time to notify Spratt & Co. of his dissent, that the law was for the defendants, unless the jury should believe that the defendants had been notified that the tobacco was not to be sold. With this qualification the instructions given at defendants’ instance were certainly proper; and we think the court properly refused the instruction asked by plaintiff. If he did not intend to ratify the sale, he should have given Igo the check in order to enable him to heturn the money deposited to Spratt & Co.
The use of the word promptly in the instructions given at defendants’ instance is particularly objected to. It is insisted that Walker was not required to use the utmost possible dispatch in, disavowing the sale. We agree that he was not; but *337 we do not think the word promptly admits of that construction in the connection in which it is used. It implies only that he should not have been dilatory; should have been guilty of no unnecessary delay; and this was a correct exposition of the law.
It was not an error in the court to instruct the jury that they should consider all the circumstances proven in this case in determining whether or not Igo was Walker’s ' agent in the sale of the tobacco. The evidence in the case is conflicting, and we can not decide that it preponderates against the verdict. We perceive no error upon the part of the court in giving or refusing instructions, nor in admitting or excluding testimony from the jury.
Wherefore the judgment is affirmed.